UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RAYMOND L. FELDER                              CIVIL ACTION

v.                                             NO. 14-2666

NABORS OFFSHORE CORPORATION                    SECTION "F"

ORDER AND REASONS

Before the Court is Nabors Offshore Corporation's motion for summary judgment that the plaintiff was not a seaman under the Jones Act or general maritime law. For the reasons that follow, the motion is GRANTED.

**Background**

This case arises out of an on-the-job personal injury. Seaman status is disputed.

Raymond Felder was employed by Nabors Offshore Corporation as an assistant driller to the Nabors M400, a platform rig that was stacked and located at Kiewit Offshore Services yard in Ingleside, Texas at the time of the incident. Felder was assigned to this position October 31, 2013; however, he claims that his employment with Nabors has spanned 12 years during which time he has been transferred approximately 25 times to various rig jobs. Felder contends that he qualifies as a seaman under the Jones Act because the majority of his assignments over his employment history have

1

been aboard jack-up rigs and barge rigs, and he has spent considerably more than 30% percent of his time aboard a fleet of vessels owned and operated by Nabors.

Nabors does not dispute the plaintiff's claims about his work history but notes that the plaintiff worked exclusively on land-based platform rigs after his reassignment on November 18, 2012, approximately a year and a half before the incident. As evidence, Nabors points to change of employment status forms, showing that Felder was transferred to the Nabors M201, a drilling workover rig, on November 18, 2012 and then to the N88, also a drilling/workover rig, on July 12, 2013 before his transfer to the Nabors M400 on October 31, 2013.

On April 22, 2014, Felder experienced a brain aneurism while sitting on a bench in the smoking area at the turnstile of the Kiewit yard.  That same day, Felder alleges he was placed on leave pursuant to the Family and Medical Leave Act, and three months later, Nabors terminated him because he had exhausted his leave of absence benefits.

On November 21, 2014, Felder sued Nabors alleging claims pursuant to the Jones Act and general maritime law. Felder alleges that he suffered a permanent, disabling brain injury which could have been avoided or lessened had Nabors not ignored its responsibility to provide the plaintiff with proper medical treatment. On March 16, 2015, this Court denied without prejudice Nabors' motion to dismiss pursuant to Federal Rules of Civil

Procedure 12(b)(1) and 12(b)(6). The Court held that the record at the time was incomplete, undermining the Court's ability to resolve on the merits the disputed facts of Felder's seaman status.

Nabors moves for summary judgment that the plaintiff was not a seaman under the Jones Act or general maritime law.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett,

477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claim. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed. R. Civ. P. 56(c)(2). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.

The Jones Act provides a negligence-based remedy for a seaman against his employer. See 46 U.S.C. § 30104, et seq. Nabors disputes that the plaintiff was a Jones Act seaman and  contends that his Jones Act and maintenance and cure claim should be summarily dismissed. While "[s]eaman status is ordinarily a question of fact for the jury," Tullos v. Resource Drilling, Inc., 750 F.2d 380, 385 (5th Cir. 1985), this Court may grant summary judgment where no facts are in dispute with respect to seaman status. Barrett v. Chevron, 781 F.2d 1067, 1074 (5th Cir. 1986), citing Guidry v. Continental Oil Co., 640 F.2d 523, 529 (5th Cir. 1981). "To survive a motion for summary judgment, the plaintiff

4

must demonstrate a factual dispute regarding the permanency or the substantiality of his employment relationship with a vessel or group of vessels, and that his work contributed to the operation or function of the vessel or the accomplishment of its mission." Buras v. Commercial Testing & Eng'g Co., 736 F.2d 307 (5th Cir. 1984) (citing Betrand v. Int'l Mooring & marine, Inc., 700 F.2d 240, 244 (5th Cir. 1983)).

To qualify as a Jones Act seaman, one must show that (1) his duties contributed to the function of the vessel or to the accomplishment of its mission and (2) his connection with the vessel in navigation (or an identifiable group of vessels) was substantial in both its duration and nature. Chandris, Inc. v. Latsis, 515 U.S. 347, 368-69 (1995). The purpose of the test in Chandris is to distinguish vessel-based workers from land-based workers who do not qualify as "seamen" under the Jones Act. Id. at 348. Seaman status turns on "the nature of the seaman's service, his status as a member of the vessel, and his relationship as such to the vessel and its operation in navigable waters." Id. at 359-60 (citing Swanson v. Marra Brothers, Inc., 328 U.S. 1, 7 (1946)). "To satisfy the first prong of the Chandris test, the claimant need only show that he 'do[es] the ship's work.'" In re Endeavor Marine, Inc., 234 F.3d 287, 290 (5th Cir. 2000). This requirement is very broad. Id. To determine whether a worker's connection with

the vessel was substantial in nature and duration under the second prong,

> the total circumstances of an individual's employment must be weighed to determine whether he had a sufficient relation to the navigation of vessels and the perils attendant thereon. The duration of a worker's connection to a vessel and the nature of the worker's activities, taken together, determine whether a maritime employee is a seaman because the ultimate inquiry is whether the worker in question is a member of the vessel's crew or simply a land-based employee who happens to be working on the vessel at a given time.

Chandris, 515 U.S. at 370 (internal quotations and citations omitted). Notably, the Fifth Circuit has held that "[f]ixed platforms are not vessels, and workers injured on them are covered under the LHWCA, not the Jones Act." Becker v. Tidewater, Inc., 335 F.3d 376, 391 (5th Cir. 2003).

Although the seaman inquiry is a mixed question of fact and law, "summary judgment or a directed verdict is mandated where the facts and law will reasonably support only one conclusion." Harbor Tug & Barge Co. v. Papai, 520 U.S. 548, 554 (1997) (quoting McDermott Int'l, Inc. v. Wilander, 498 U.S. 337, 356 (1991)). In other words, "where undisputed facts reveal that a maritime worker has a clearly inadequate temporal connection to vessels in navigation, the court may take the question from the jury by granting summary judgment or a directed verdict." Chandris, 515 U.S. at 371. Here, Nabors argues that summary judgment is appropriate because there is no genuine issue of material fact

that the plaintiff performed only land-based work on platform rigs subsequent to his assignment to the Nabors M201 on November 18, 2012. The plaintiff counters that summary judgment is inappropriate because the majority of his work assignments with Nabors prior to 2012 were vessel-based assignments. Specifically, the plaintiff submits that he qualifies as a seaman under Chandris because (1) he did ship's work in his past assignments, and (2) he had a substantial connection to the Nabors vessels because he spent over 30% of his work time, dating back to February 22, aboard the Nabors vessels.

The plaintiff insists that the Court must examine a maritime worker's entire work history with a particular employer in assessing whether the employee qualifies as a seaman. The Supreme Court, however, rejected this very argument in Chandris. In its discussion of the 30% "rule of thumb" in Chandris, the Supreme Court noted:

> **[W]e see no reason to limit the seaman status inquiry, as petitioners contend, exclusively to an examination of the overall course of a worker's service with a particular employer. When a maritime worker's basic assignment changes, his seaman status may change as well.** For example, we can imagine situations in which someone who had worked for years in an employer's shoreside headquarters is then reassigned to a ship in a classic seaman's job that involves a regular and continuous, rather than intermittent, commitment of the worker's labor to the function of a vessel. Such a person should not be denied seaman status if injured shortly after the reassignment, **just as someone actually transferred to a desk job in the company's office and**

> **injured in the hallway should not be entitled to claim seaman status on the basis of prior service at sea**.

Chandris, 515 U.S. at 371-72 (emphasis added). That is, when a "maritime worker's essential duties are changed," courts should assess "the substantiality of his vessel-related work made on the basis of his activities in his new position." Id. at 372.

The Fifth Circuit has elaborated on the Supreme Court holding in Chandris, explaining that for a maritime worker's seaman status to change a "substantial change in status must occur," as opposed to a sporadic or temporary deviation from the worker's past duties. Becker v. Tidewater, Inc., 335 F.3d 376, 390 (5th Cir.2003). The reason for this requirement is to prevent a land-based maritime worker claiming "seaman" status after "merely serving an assignment on a vessel in navigation" and similarly to prevent vessel-based maritime workers from losing seaman status due to sporadic land-based assignments. See id. at 390.  In a similar case to the one here, this Court granted summary judgment dismissing a Jones Act claim, finding that a maritime worker's seaman status changed when he was reassigned from jack-up rig work to platform rig work eleven months before an accident. Walker v. Nabors Offshore Drilling, Inc., 91 F. Supp. 2d 907, 909 (E.D. La. 2000) ("Murphy has submitted sworn statements made by the toolpusher for whom the plaintiff worked and Nabors' personnel manager that eleven months prior to Walker's accident, Walker was

permanently assigned as a driller on Walker's fixed platform
drilling rig . . . Walker cannot support a claim of seaman
status.").

In addition to the plaintiff's argument that the majority of
his work was vessel-based through the course of his employment, he
also contends that his one and a half year platform rig assignment
was only temporary and thus that he remained a Jones Act seaman.
What is lacking from the summary judgment record, however, is any
evidence supporting the transitory nature of this assignment.
Felder simply speculates that he might have been reassigned to
vessel-based work on jack-up rigs at some point in the future.[1]
Speculation will not suffice to raise a genuine issue of material
fact about whether Felder was a seaman.

The undisputed material facts here are that the plaintiff
primarily performed vessel-based work on jack-up rigs before his
reassignment to the Nabors M201 in November 2012, and he
exclusively performed land-based work on platform rigs following
his reassignment. This is not like Becker where the maritime worker

---

[1] This speculation is belied by the record. First, the testimony
of multiple Nabors representatives establishes that no jack-up
rigs were operational at the time of the plaintiff's aneurism, and
moreover all of Nabors' jack-up rigs have since been sold. Second,
the rig superintendent testified that he intended to keep the
plaintiff on the M400 through the course of the three (3) to five
(5) year contract with Chevron. The plaintiff does not dispute
this but simply points to the superintendent's testimony that he
was not sure where the plaintiff would be assigned after the
Chevron contract ended.

was to participate in one voyage before immediately returning to land-based duties. Rather, the facts of record show that Felder's reassignment constituted a substantial change in status under <u>Chandris</u> because the plaintiff was reassigned to do land-based work in November 2012 and continued to perform only land-based work through April 22, 2014. The record supports a finding that this reassignment was permanent and the plaintiff "should not be entitled to claim seaman status on the basis of prior service at sea." <u>Chandris</u>, 515 U.S. at 372. The plaintiff is not a seaman.[2]

Accordingly, IT IS ORDERED that Nabors' motion for summary judgment is GRANTED. The plaintiff's claims are hereby dismissed.

New Orleans, Louisiana, March 24, 2016

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] The standard for determining seaman status for the purpose of recovering maintenance and cure under general maritime law is the same as that for determining status under the Jones Act. <u>Hall v. Diamond M Co.</u>, 732 F.2d 1246, 1248 (5th Cir. 1984). Only seamen are entitled to maintenance and cure and punitive damages under the general maritime law. <u>Id.</u> Thus, for the same reasons the plaintiff has not established seaman status under the Jones Act, he cannot establish such status under the general maritime law.